UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HERSHEL McCRADIC,

        Petitioner,

v.                                                           Case No. 11-C-182

WILLIAM POLLARD,

        Respondent.

**RULE 4 SCREENING ORDER**

On February 14, 2011, Hershel McCradic filed a "Submission of Petition for Review" with the United States Court of Appeals for the Seventh Circuit, which the Chief Judge of the Circuit construed as an Application for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and ordered transferred to this Court. (Doc. 1.) McCradic was directed to refile his Application on the district forms for § 2254 petitions, which he did on March 9, 2011. (Doc. 5.) In his petition, McCradic alleges that he is currently serving a state sentence that was imposed in violation of the Constitution. The petition reflects that McCradic is currently serving a sentence of 45 years (35 years confinement followed by 10 years of extended supervision) for the crime of repeated sexual abuse of a minor in violation of Wis. Stat. § 948.025 (1999-2000). He is currently incarcerated at the Green Bay Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies. *See Farrell v. Lane,* 939 F.2d 409, 410 (7th Cir.1991) (holding that a district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them.")

After initially reviewing McCradic's petition the Court had concerns about whether McCradic's claims been fully considered – in other words exhausted – in state court. *See* 28 U.S.C. § 2254(b)(1)(A). Specifically it was unclear whether McCradic ever presented his grounds for relief to the Wisconsin Supreme Court. The Court therefore ordered McCradic to show cause why his petition should not be dismissed for failure to exhaust. (Dkt. 6.) On April 11, 2011 McCradic responded to the show cause order and provided documentation showing that he had raised what appeared to be the same issues in post-conviction proceedings in state court and that in February of 2011 the Wisconsin Supreme Court denied his petition for review. (Dkt. 8-1.) This documentation is sufficient to show, at least at this stage, that McCradic's state court remedies have been exhausted and I will proceed with my Rule 4 review.

Though not entirely clear from his petition, it appears that McCradic has asserted the following grounds for relief. First he alleges that his plea colloquy was deficient. Second he contends that he was sentenced for a crime that had a higher maximum term of imprisonment than the crime to which he entered his *Alford* plea. McCradic alleges that the prosecutor, his attorney

and the judge are each responsible for this error, and he asserts claims against each. Third he claims that the sentencing court abused its discretion and overstepped its bounds by involving itself in the plea process by imposing a sentence in excess of what the prosecutor recommended.

Conviction based upon a deficient plea colloquy may violate a person's Fourteenth Amendment right to due process of law. *See Boykin v. Alabama,* 395 U.S. 238, 242-44 (1969). Certainly, imposition of a sentence in excess of the maximum allowed for the crime to which a plea was entered would contravene due process or, if based on a statute not in effect at the time of the crime, the ex post facto clause, and the failure of defense counsel to object would constitute ineffective assistance in violation of a defendant's Sixth Amendment right to counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). McCradic's allegation that the sentencing court abused its discretion and overstepped its bounds, however, to the extent it is not a repeat of his allegation that the court sentenced him under the wrong statute, appears in context to be an objection to the fact that the court imposed a lengthier sentence than the prosecutor agreed to recommend as part of the plea agreement. Since McCradic acknowledges that the court was not bound by the plea agreement and does not contest the state court findings that he was advised of this fact, the allegation that the court imposed a sentence in excess of the prosecutors recommendation would not state a claim cognizable under § 2254.

Accordingly, it appears that McCradic has stated three claims: (1) deficient plea colloquy in violation of due process; (3) excessive sentence in violation of due process or ex post facto clause; and (3) ineffective assistance of counsel. At least at this point, he will be allowed to proceed on these three claims. There may be a question of whether his petition is timely or procedurally barred, since he was sentenced on April 30, 2004, filed no appeal, and did not seek post-conviction

relief until he filed a *Knight* petition with the Wisconsin Court of Appeals sometime in 2008, see *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), followed by a Wis. Stat. § 974.06 motion with the sentencing court on September 23, 2009. Timeliness and procedural default are affirmative defenses that the Respondent may pursue as he deems appropriate, however. *See Day v. McDonough*, 547 U.S. 198, 205 (2006) ("A statute of limitations defense . . . . is not "jurisdictional," hence courts are under no obligation to raise the time bar sua sponte."). Based on the allegations of the petition, a response is required.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Wisconsin Department of Justice has informed the Court that it has accepted service on behalf of Warden William Pollard, the only named respondent in this action. (Dkt. 7.) The Department of Justice will provide the pleadings to the respondent on whose behalf they have agreed to accept service of process.

Dated this   16th   day of April, 2011.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge