UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HERSHEL McCRADIC,

        Petitioner,

  v.                                                  Case No. 11-C-182

WILLIAM POLLARD,

        Respondent.

## DECISION AND ORDER

Petitioner Hershel McCradic is currently serving a state sentence for Repeated Acts of Second Degree Sexual Assault in violation of Section 948.025(1) of the Wisconsin Statutes (2001-02). On February 14, 2011, McCradic filed a "Submission of Petition for Review" with the United States Court of Appeals for the Seventh Circuit, which the Chief Judge of the Circuit construed as an Application for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and ordered transferred to this Court. (ECF 1.) McCradic was directed to refile his Application on the district forms for § 2254 petitions, which he did on March 9, 2011. (ECF 5.) McCradic alleged he is currently serving a state sentence that was imposed in violation of the Constitution. The Court initially issued an Order To Show Cause directing McCradic to show that he had exhausted his state court remedies with respect to the claims he asserted in his petition. Upon consideration of his response, the Court allowed the case to proceed and directed the Respondent to file an Answer or appropriate motion. On May 18, 2011, Respondent filed a motion to dismiss the habeas petition on the ground that the petition is untimely. For the reasons set forth herein, Respondent's motion will be granted.

The Anti-terrorism and Effective Death Penalty Act (AEDPA) of 1996 created a statute of limitations for state prisoners seeking federal habeas corpus relief under 28 U.S.C. § 2254. A state prisoner seeking federal relief under 28 U.S.C. § 2254 must generally file his petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

McCradic was convicted on March 1, 2004, and sentenced on April 30, 2004. He began the direct appeal process but did not follow through on a direct appeal. He filed a notice of intent to pursue post-conviction relief on May 27, 2004. (Resp. Br. in Supp., Ex. 5 at 6.) *See* Wis. Stat. § 809.30(2)(b). The circuit court sent defense counsel the file on August 19, 2004. (Resp. Br. in Supp., Ex. 5 at 6.) The court reporter filed the last of the transcripts on November 12, 2004.

McCradic's time for appealing expired, and his conviction became final sixty days after the filing of the last transcript (January 11, 2005). *See* Wis. Stat. § 809.30(2)(h) ("The person shall file in circuit court and serve on the prosecutor and any other party a notice of appeal or motion seeking postconviction relief or postdisposition relief within 60 days after the later of the service of the transcript or the circuit court case record."). The AEDPA clock commenced and McCradic thereafter had one year, until January 11, 2006, to file a federal habeas petition challenging his conviction and confinement.

A properly filed motion for post-conviction relief in state court tolls AEDPA's one-year habeas statute of limitations, 28 U.S.C. § 2244(d)(2), and McCradic did file various motions in state court: a 2008 motion for sentence modification, a 2008 habeas action pursuant to *State v. Knight*, 168 Wis. 2d 509 (1992), a 2009 motion to vacate the DNA surcharge, and a 2010 collateral attack pursuant to Wis. Stat. § 974.06. However, McCradic's motions for state post-conviction relief were

2

filed after the one-year statute of limitations for federal § 2254 petitions had expired. State motions for collateral relief do not give rise to a second one-year limitation period after the first has expired. *See Teas v. Endicott*, 494 F.3d 580, 581 (7th Cir. 2007) ("Nothing in § 2244(d) implies that the time is reopened if the state court engages in multiple rounds of review that it calls 'direct.'").

McCradic contends his petition was not untimely because his judgment of conviction was amended on May 19, 2010. (ECF16 at 2.) The amendment, however, was merely to correct a clerical error. McCradic's plea was to Repeated Acts of Second Degree Sexual Assault, but the original judgment of conviction was for Repeated Acts of First Degree Sexual Assault. Under the version of the statute in effect at the time of McCradic's crime, it did not matter whether the conduct underlying the conviction amounted to First or Second Degree Sexual Assault. Conviction for three or more acts of either was a Class B felony punishable by up to sixty years. *See* 1993 Wis. Act 227, §§ 30, 44 (§ 948.025(1) effective April 23, 1994). Section 948.025 was amended effective July 30, 2002, so that now a violation can be a Class B or Class C felony, depending on the underlying crimes. *See* 2001 Act 109, §§ 882 to 886; Wis. Stat. § 948.025 (2003-04). In its September 2009 Decision and Order denying McCradic's § 974.06 motion for post-conviction relief, the circuit court acknowledged the error in the judgment and ordered it corrected, resulting in an amended judgment of conviction being entered on May 19, 2010. But a such an amendment does not trigger a new one-year time period in which to file a § 2254 petition. *See Richardson v. Gramley*, 998 F.2d 463, 465 (7th Cir. 1993) ("[a] judgment is not final if the appellate court has remanded the case to the lower court for further proceedings, unless the remand is for a purely "ministerial" purpose"); *see also Coville v. McKenna*, 192 Fed. Appx. 641 (9th Cir. 2006) (holding that entry of amended judgment that merely corrects a clerical error does not restart one-year limitations period for habeas petition).

In the face of "extraordinary circumstances" the AEDPA statute of limitations may be equitably tolled. *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). But "equitable tolling is granted sparingly only when extraordinary circumstances far beyond the litigant's control prevented timely filling." *Simms v. Acevedo,* 595 F.3d 774, 781 (7th Cir. 2010) (citation omitted). To establish "extraordinary circumstances" warrant equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2563 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This showing is "rarely" made; the Seventh Circuit has yet to "identify a petitioner whose circumstances warrant it." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

McCradic also stresses that he has "consistently and diligently exercised his Constitutional rights in seeking a fair judicial process" and that as a pro se litigant he has "done the best he can to argue the issues." (ECF 16 at 1.) Even assuming that as a pro se petitioner, McCradic has done his best to meet the first prong of the equitable tolling test (that he has been diligently pursuing his rights), I fail to find any argument that some "extraordinary circumstance" stood in his way and prevented timely filing. The only argument I can discern from McCradic pertaining to the second prong is his contention that his state post-conviction relief was a "barrier" and he could not pursue a federal habeas claim until its resolution; however, as discussed above, his state motions were untimely in their own right and therefore irrelevant to a showing of "extraordinary circumstances." (*See id.* at 3.) Furthermore, nothing in the record indicates the presence of any legitimate extraordinary circumstances to warrant equitable tolling; in fact, the record indicates that McCradic chose not to pursue a direct appeal, despite willing postconviction counsel. (Resp. Br. in Supp., Ex. 2 at 5.) As no extraordinary circumstances exist, the limitations period cannot be equitably tolled. Respondent's motion for dismissal is therefore granted.

4

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Cases. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When, as here, the case is resolved on procedural grounds, a COA should issue when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In my opinion, and for the reasons set forth in this decision finding McCradic's petition time-barred, McCradic's claim does not warrant a certificate of appealability. McCradic has not shown that jurists of reason would find it debatable that his petition was untimely. Consequently, the court will deny McCradic a certificate of appealability. McCradic retains the right to seek a certificate of appealability from the court of appeals.

**IT IS HEREBY ORDERED** that Respondent's motion to dismiss is **GRANTED**, McCradic's petition is **DISMISSED**, and McCradic's motion for a certificate of appealability is **DENIED**.

Dated this  24th  day of August, 2011.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge